UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY HUBBARD** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-13683** |
| **LOUISIANA STATE** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by defendant, the State of Louisiana ("the State"), to dismiss *pro se* plaintiff Larry Hubbard's ("Hubbard") petition for a writ of mandamus, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Hubbard's opposition to the State's motion was due on April 7, 2020, but to date, no response has been filed. Accordingly, the Court considers the motion unopposed.

Because this Court lacks subject matter jurisdiction over Hubbard's action, the State's motion pursuant to Rule 12(b)(1) is granted. The Court does not reach the State's Rule 12(b)(6) arguments.

### I.

On November 15, 2019, Hubbard filed a petition in this Court to issue an alternative writ of mandamus "articulating [Hubbard's] [r]ight to buy and possess an [sic] legal firearm" in Louisiana pursuant to his Second Amendment right under the United States Constitution.[2] Hubbard asserts that he completed his sentence for his

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1, at 1.

1

felony conviction in 1986, and that therefore, he has a constitutional right "to buy and possess a legal firearm."[3]

Hubbard named the State as the defendant in his action, but the relief he seeks with respect to the State is not clearly discernible from the allegations in his complaint. Hubbard's prior filing in response to the United States Magistrate Judge's order to show cause provides some guidance.[4] In that filing, Hubbard explained that in March 2019, he had attempted to complete an online firearm approval application at Academy Sports + Outdoors in Gretna, Louisiana.[5] However, he was not allowed to proceed because he indicated that he had a felony conviction.[6] He explained that the reason he now seeks a writ of mandamus is because "[b]y [Hubbard's] being deprived the opportunity to complete the firearm approval application to purchase a legal firearm, [Hubbard]'s being deprived the right to bear arms in the State [of] Louisiana," in violation of his Second Amendment rights.[7]

---

[3] *Id.* Under La. Stat. Ann. § 14:95.1(C), the State of Louisiana's prohibition on the possession of firearms by an individual convicted of certain felonies only applies for a period of ten years from the date of the completion of his sentence, probation, parole, suspension of sentence, or discharge from a mental institution by a court of competent jurisdiction.

The Court notes that Hubbard's response to the Magistrate Judge's order to show cause order states that he completed his sentence for his felony conviction in 1988. R. Doc. No. 4, at 5.

[4] R. Doc. No. 4. On November 21, 2019, 1he United Magistrate Judge permitted Hubbard to proceed *in forma pauperis* and ordered Hubbard to show cause why his complaint should not be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). R. Doc. No. 3. After reviewing Hubbard's response, the Magistrate Judge deemed its order to show cause satisfied. R. Doc. No. 5.

[5] R. Doc. No. 4, at 3.

[6] *See id.*

[7] *Id.* at 6.

2

It appears that Hubbard seeks a writ of mandamus against the State to allow him to apply for approval to purchase a firearm.

## II.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When applying Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).

Pursuant to 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law." Although Federal Rule of Civil Procedure 81(b) abolished the writ of mandamus, 28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff." However, federal courts do not have jurisdiction to issue the writ against a state actor or state agencies. *Ochoa v. Collier*, No. 20-70001, 2020 WL 582397, at *3 (5th Cir. Feb. 4, 2020), *cert. denied*, 140 S. Ct. 990 (2020) (citing *Moye v. Clerk, Dekalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see Gordon v. Whitley*, 24 F.3d 236 (5th Cir. 1994) ("Federal mandamus applies to officers, employees, and agencies of the United States. It does not apply to officers, employees, and agencies of states.").

Thus, the Court lacks subject matter jurisdiction over Hubbard's mandamus action against the State of Louisiana.

### III.

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** and Hubbard's complaint is **DISMISSED**.

New Orleans, Louisiana, April 30, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**